```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
Arpad Szechenyi,

            Plaintiff and                    ORDER
            Counterclaim Defendant,
                                             22-cv-4692(KAM)(RML)
    -against-

Epic Pharma, LLC,

            Defendant and
            Counterclaim Plaintff.
----------------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge**:

Defendant Epic Pharma LLC ("Defendant") moves for leave to file an unredacted document under seal, and to file on the public docket the same document, its Amended Answer and Counterclaims ("Amended Answer") and two attached exhibits, with redactions. (ECF Nos. 15, Letter Motion for Leave to Electronically File Document Under Seal ("Def. Mot.") at 1; 15-2, Exhibit A; 15-3, Exhibit B.)  Plaintiff Arpad Szechenyi ("Plaintiff") opposes Defendant's motion.  (ECF No. 17, Response in Opposition to Defendant's Letter Motion to Electronically File Document Under Seal.)  For the following reasons, Defendant's motion is denied.

There is a presumption in favor of public access to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006); *see DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 827 (2d Cir. 1997) ("[G]ood cause must be shown for departing from the tradition of allowing public inspection of case files.")

1

(quotation marks and alteration omitted). That presumption derives from both federal common law and the First Amendment.[1] *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016).

The Second Circuit has instructed district courts to engage in a "three-step inquiry" to determine if the common law presumption applies to a particular record: asking (1) whether the record is a "judicial document"; (2) how strong the "weight of the presumption of access" is for that document; and (3) whether there are factors that "legitimately counsel against disclosure." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (internal quotation marks and citations omitted).

First, pleadings are judicial documents, *Bernstein*, 814 F.3d at 140, which Defendant does not contest. (Def. Mot. at 1.) Accordingly, a presumption of public access applies to Defendant's Amended Answer, counterclaims, and attached exhibits.

Second, Defendant argues that the presumption of public access carries only "low" weight because Defendant "has already publicly disclosed" most of the information in the Amended Answer. (*Id.*) The weight of presumptive public access, however, rests on

---

[1] Because the Court finds that Defendant's motion is denied under the common law right of public access, it does not separately analyze the more stringent First Amendment right to access. Under the First Amendment standard, documents may be kept under seal only if the Court makes "specific, on the record findings" that sealing "is necessary to preserve higher values and . . . is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124 (citation omitted).

the extent to which the documents "play a central role in determining litigants' substantive rights" and therefore "enable[] the public to monitor the actions of the courts and juries." *Mirlis*, 952 F.3d at 60 (internal quotation marks and citation omitted). Given that the proposed redactions include Defendant's counterclaims—and allegations and exhibits necessary for those counterclaims—they are central to the determination of Plaintiff and Defendant's substantive rights and are afforded a strong presumption of public access. *See, e.g., Bernstein*, 814 F.3d at 140 ("A complaint . . . is the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost always necessary if the public is to understand a court's decision." (internal quotation marks and citation omitted).

Third, Defendant asserts that its proposed redactions contain "confidential and sensitive business information regarding Defendant's employees, customers, vendors, and suppliers and the terms and conditions regarding the former employment of the Plaintiff." (Def. Mot. at 1.) Defendant further argues that it has a fiduciary obligation not to disclose information that would cause "competitive harm." (*Id.* at 1-2.) Defendant contends that these confidentiality interests overcome the presumption of public access. (*Id.*)

Defendant can overcome the presumption of public access, however, only if it "make[s] a particular and specific

3

demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." *Allegra v. Luxottica Retail N. Am.*, No. 17-cv-05216 (PKC), 2021 WL 4799032, at *3 (E.D.N.Y. Oct. 14, 2021) (internal quotation marks and citation omitted); *see also, e.g., T-Jat Sys. 2006 Ltd. v. Amdocs Software Sys. Ltd.*, No. 13-cv-5356 (JMF), 2015 WL 394075, at *6 (S.D.N.Y. Jan. 29, 2015) (denying redaction request because defendant did "not explain with sufficient detail why disclosure of its business information would harm its competitive position"). "[B]road allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test." *Allegra*, 2021 WL 4799032, at *3. Defendant's vague assertions concerning sensitive information and its fiduciary obligations do not amount to the "particular and specific demonstration" of harm that is required to seal or redact judicial documents. *Id.*

Defendant fails to overcome the strong presumption of public access for judicial documents. Accordingly, Defendant's motion to file its Amended Answer, counterclaims, and exhibits under seal is denied.

**SO ORDERED**
Dated: November 15, 2022
Brooklyn, New York

*Kiyo A. Matsumoto*
_____
**HON. KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York

4