```
United States District Court
Eastern District of New York
```
------------------------------------X

Árpád Széchényi,

        Plaintiff,

  - against -

Epic Pharma, LLC, and PuraCap
Pharmaceutical, LLC,

        Defendants.

------------------------------------X

**Order**

No. 22-cv-4692 (KAM) (RML)

**Kiyo A. Matsumoto, United States District Judge:**

    Árpád Széchényi, formerly employed as an executive by Epic Pharma, LLC, and PuraCap Pharmaceutical, LLC, brought this action to recover sums he alleges were owed to him after he resigned.  On September 11, 2024, the Court ordered the parties to show cause why this action should not be dismissed for lack of subject-matter jurisdiction.  The parties declined to respond.  (*See* ECF No. 64, Sept. 23, 2024, Ltr. From K. Goldberg.)

    Széchényi originally brought this action only against Epic, (*see* ECF No. 1, Compl.), who answered and brought counterclaims, (*see* ECF No. 26, Am. Answer & Countercl.).  Because the parties' claims arose exclusively under state law, the Court had subject-matter jurisdiction only under the federal diversity jurisdiction statute, *see* 28 U.S.C. § 1332(a)(2) (giving federal

district courts original subject-matter jurisdiction over any action between a citizen of a state and subject of a foreign state where the amount in controversy exceeds $75,000). Specifically, Széchényi was a citizen of New Jersey because he was domiciled there, (see ECF No. 44, Decl. of A. Széchényi), and Epic was a subject of a foreign state because its ultimate member was an Irish limited company whose ultimate shareholder was a Chinese corporation, (see ECF No. 45, Decl. of W. Schmedlin).

At a status conference, the Court concluded that PuraCap is a required party to this action who must be joined as a defendant under Federal Rule of Civil Procedure 19(a). (Minute Entry, Mar. 6, 2024.) The Court noted that PuraCap is a party to the alleged employment contract that was the subject of the litigation. (*Id.* (citing *Ryan v. Volpone Stamp Co., Inc.*, 107 F. Supp. 2d 369, 387 (S.D.N.Y. 2000) (finding it "well-established that a party to a contract which is the subject of the litigation" is a required party).) The documents allegedly comprising the parties' contract referred to Széchényi's counterparties as "Epic Pharma, LLC/PuraCap Pharmaceutical, LLC" without distinguishing them, and it was unclear at many times which allegations concerned which company. The Court found that rendering a judgment in PuraCap's absence risked issuing "hollow" relief that would invite future duplicative litigation

and impair PuraCap's ability to protect its contractual rights. (*Id.* (quoting *Global Discount Servs., LLC v. Trans World Airlines*, 906 F. Supp. 701, 708 (S.D.N.Y. 1997).)

After PuraCap's joinder, defense counsel filed a declaration stating that at the time this action was filed, PuraCap had two members: Humanwell Healthcare (Group) Co., Ltd., and Enspire Group LLC. (ECF No. 47, Decl. of W. Schmedlin, ¶ 2.) Humanwell was a Chinese corporation, and Enspire was an American LLC whose single member was Dahai Guo. (*Id.* ¶¶ 3–4.) A subsequent declaration confirms that Guo was a citizen of New Jersey when this action was filed and thus that Enspire was a New Jersey citizen at the time. (ECF No. 62, Decl. of W. Schmedlin, ¶ 3.) Because an American limited liability company takes the citizenship of its members for diversity jurisdiction purposes, *Shelbourne Global Sols., LLC v. Gutnicki LLP*, 658 F. Supp. 3d 104, 109 n.1 (E.D.N.Y. 2023), this means that PuraCap also was a citizen of New Jersey (*i.e.*, shared citizenship with Széchényi, the plaintiff) when this action was filed. Thus, this action involves exclusively state-law claims between non-diverse parties, which the Court lacks subject-matter jurisdiction to adjudicate.

Now at issue is whether the Court may drop PuraCap to preserve the Court's diversity jurisdiction. "Federal Rule of Civil Procedure 21 allows a court to drop a nondiverse party at

3

any time to preserve diversity jurisdiction, provided the nondiverse party is not 'indispensable' under Rule 19(b)." *MAve Hotel Investors LLC v. Certain Underwriters at Lloyd's, London*, 347 F.R.D. 20, 23 (S.D.N.Y. 2024) (quoting *CP Sols. PTE, Ltd. v. Gen. Elec. Co.*, 553 F.3d 156, 159 (2d Cir. 2009)). Whether a "necessary" party under Rule 19(a) also is an "indispensable" party under Rule 19(b) depends on (1) the extent to which a judgment rendered in the party's absence might prejudice that party or the existing parties; (2) the extent to which such prejudice could be lessened or avoided by protective provisions in the judgment, shaping the relief, or other measures; (3) whether a judgment rendered in the party's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed.* Fed. R. Civ. P. 19(b).

Applying these factors, the Court finds that PuraCap is an indispensable party without whom this action cannot proceed. First, a judgment rendered in PuraCap's absence might prejudice PuraCap, as its contractual rights vis à vis Széchényi would be adjudicated in this action and have at least persuasive effect in a future action between PuraCap and Széchényi. *See Global Discount Travel Servs., LLC v. Trans World Airlines*, 960 F. Supp. 701, 709-10 (S.D.N.Y. 1997) (dismissing action

---

* After the 2007 amendments, Rule 19(b) no longer uses the term "indispensable." The Court uses the term here only "for the sake of convenience." See *CP Sols.*, 553 F.3d 156, at 159 n.2.

4

under Rule 19(b) to avoid multiple litigation regarding same contractual provision). Second, the Court likely could not avoid such prejudice because the relevant contract documents do not distinguish between Epic and PuraCap. (*See* ECF No. 59-2 (summary letter); ECF No. 59-3 (offer letter).)

Third, a judgment in an action between Széchényi and Epic rendered in PuraCap's absence would not be "adequate" because it could invite future duplicative litigation between Széchényi and PuraCap involving the same contractual provisions. Such duplicative litigation would contravene Rule 19's public policy interest in "settling disputes by wholes, whenever possible." *See Republic of Philippines v. Pimentel*, 553 U.S. 851, 870 (2008) (quoting *Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 111 (1968)).

Finally, the parties would have adequate remedies if this case were dismissed. With exceptions that do not apply here, Section 205-a(a) of the New York Civil Practice Law and Rules permits a plaintiff to "recommence a dismissed case within six months without regard to the statute of limitations." N.Y. C.P.L.R. § 205-a(a). Thus, "the parties may now pursue all of" their state law claims "in a single case before the state court." *See Gerffert Co., Inc. v. Dean*, 41 F. Supp. 3d 201, 219 (E.D.N.Y. 2014) (declining supplemental jurisdiction over state law claims, noting plaintiffs would not be prejudiced because

5

they could raise their claims in state court under N.Y. C.P.L.R. § 205-a(a)).

Accordingly, because this action involves exclusively state law claims between non-diverse parties and PuraCap is an indispensable party who cannot be dismissed to cure the jurisdictional defect, the Court dismisses this action without prejudice for lack of subject-matter jurisdiction.

The Clerk of Court is respectfully directed to enter judgment dismissing this action without prejudice and to close this case.

**So ordered.**

Dated:   October 3, 2024
         Brooklyn, New York

                                    /s/ Kiyo A. Matsumoto
                                    Kiyo A. Matsumoto
                                    United States District Judge
                                    Eastern District of New York